JAMES H. HONEYSUCKLE and MARY C. HONEYSUCKLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Honeysuckle v. Commissioner
Docket No. 32735-85.
United States Tax Court
T.C. Memo 1986-450; 1986 Tax Ct. Memo LEXIS 159; 52 T.C.M. (CCH) 562; T.C.M. (RIA) 86450; September 17, 1986. James H. Honeysuckle, pro se. Kathleen O. Lier, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121 and his motion for damages *160 under section 6673. [1] In a statutory notice of deficiency dated June 5, 1985, respondent determined the following deficiency in and additions to petitioners' 1982 Federal income tax liability: Additions to Tax
I.R.C. Section
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661(a)
$12,326
$713.80
$616.30 *
$1,232.60
The material facts were admitted by petitioners in their answer to respondent's request for admissions. The issues remaining for decision are: (1) Whether wages reported by petitioners in 1982 are taxable income; (2) whether petitioners are liable for the additions to tax set forth above; and (3) whether damages should be awarded to the United States under section 6673. Petitioners are husband and wife and resided in Baker, Louisiana, at the time the petition was filed. Petitioners' joint Federal income tax return for 1982 was not timely filed. James H. and Mary C. Honeysuckle received *161 wages in 1982 from their respective employers, A.F.U. - Local 102 Apprenticeship Training ad Crown Zellerbach Corporation, in the total amount of $49,568 which they reported as wages on their 1982 return. Petitioners, however, repdorted on Schedule C of their 1982 return a loss in the same amount of the reported wages (namely, $49,568). The loss reported on the Schedule C reflected the operation of a "business" by petitioners under the name of "Honeysuckle Labor Services" which produced "labor property." The loss claimed related to alleged wages paid by the business in the amount of $49,568. Respondent disallowed petitioners' Schedule C loss. Respondent also determined petitioners had unreported interest income in the amount of $190 which petitioners do not contest. Respondent's motions for summary judgment and for damages under section 6673 were filed on May 20, 1986. A hearing on both motions was held in New Orleans, Louisiana, on June 10, 1986. OPINION A decision on a motion for summary judgment may be rendered if there is no genuine issue as to any material fact. Rule 121(b). Finding no genuine issue as to any material fact, we grant respondent's motion for summary *162 judgment for the following reasons. Petitioners' misguided and ill-advised contention is that the wages reported on their 1982 Federal income tax return were compensation for something of equal value rendered to their respective employers and that those wages therefore do not constitute "profits," "gains," or "income." Although reflected as income on their tax return, to avoid taxation of their wages petitioners fabricated a Schedule C deduction in a like amount to arrive at zero taxable income. Section 61(a)(1) clearly provides that gross income includes compensation for services rendered. Petitioners' argument that wages do not constitute income has been uniformly rejected as frivolous. See, e.g., ; ; , and cases cited therein; . We likewise find petitioners' arguments groundless and entirely without merit. The second issue for decision is whether petitioners are liable for the additions to tax for the failure *163 to file a timely return under section 6651(a)(1), for negligence or intentional disregard of rules and regulations under section 6653(a)(1) and (2), and for the substantial understatement of income tax under section 6661(a). Petitioners bear the burden of proof concerning their liability for these additions to tax. , affg. ; Rule 142. Petitioners, however, presented no arguments or evidence concerning the additions to tax. We sustain respondent's determination of the additions to tax set forth above. The final issue for decision is whether the United States is entitled to an award of damages under section 6673. [2] Section 6673 permits this Court to award damages to the United States not to exceed $5,000 against petitioners who have brought or maintained frivolous or groundless proceedings in this Court. Petitioners herein repeatedly were advised by respondent that their arguments were frivolous and that if they continued to assert such arguments, they may be liable for damages. Nonetheless, petitioners continued to assert that their wages were not taxable income. *164 We previously have admonished that -- [T]his Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [, affd. .] *165 On the record herein, we find that the imposition of damages in the amount of $500 is appropriate and we award such damages against petitioners in favor of the United States pursuant to section 6673. An appropriate order will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. * To be computed on an underpayment of $12,326.↩
2. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * *↩